UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MODESTO VASQUEZ-GOMEZ,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

18 Civ. 8118 (PGG) (KHP)

10 Cr. 955 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Modesto Vasquez-Gomez has filed a petition pursuant to 28 U.S.C. § 2255 asking this Court to vacate, set aside, or correct his sentence, on the grounds that attempted Hobbs Act robbery does not constitute a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3). For the reasons stated below, Vasquez-Gomez's petition will be denied.

## BACKGROUND

### I.    PROCEDURAL HISTORY

        On November 13, 2012, Petitioner pled guilty to (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (id. Count One); (2) attempting to commit a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (id. Count Two); and (3) using, carrying, and possessing a firearm during and in relation to, and in furtherance of, a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (id. Count Five). (Plea Tr. at 13-14, United States v. Vasquez-Gomez, No. 10 Cr. 955 (S.D.N.Y. Nov. 13, 2012) (Dkt. No. 88); Superseding Indictment, Vasquez-Gomez, No. 10 Cr. 955 (Dkt. No. 40))

        On August 16, 2013, this Court sentenced Petitioner to 97 months' imprisonment on Counts One and Two, and 60 months' imprisonment on Count Five, to run consecutive to the

sentence imposed on Counts One and Two. (Judgment at 3, Vasquez-Gomez, No. 10 Cr. 955 (Dkt. No. 103))

Petitioner filed a notice of appeal on August 23, 2013. (Notice of Appeal, Vasquez-Gomez, No. 10 Cr. 955 (Dkt. No. 105)) On March 27, 2015, the Second Circuit affirmed the judgment. (Mandate, Vasquez-Gomez, No. 10 Cr. 955 (Dkt. No. 117))

In August 2018, Petitioner submitted the instant petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his Section 924(c) conviction cannot stand under Sessions v. Dimaya, 138 S. Ct. 1204 (2018).[1] (Dkt. No. 1) Vasquez-Gomez contended that his petition is timely because it was filed within a year of the Supreme Court's decision in Dimaya which – according to Petitioner – recognizes a new substantive right that applies retroactively. (Id. at 4-9)

In a November 26, 2018 submission, the Government opposed Vasquez-Gomez's petition on the grounds that his claim is time-barred because – although it was premised on Dimaya – that decision does not create a new rule of constitutional law. (Govt. Opp. Br. (Dkt. No. 6) at 6 & n.3) The Government also argued that the Petition should be denied on the merits, citing, inter alia, United States v. Barrett, 903 F.3d 166 (2d Cir. 2018), in which the Second Circuit ruled that conspiracy to commit Hobbs Act robbery is a "crime of violence" for purposes of Section 924(c)(3). (Id. at 5-6 & n.2)

On December 28, 2018, this Court referred Vasquez-Gomez's petition to Magistrate Judge Katharine Parker for a Report and Recommendation ("R&R"). (Dkt. No. 8)

On June 24, 2019, the Supreme Court issued its decision in United States v. Davis, 139 S. Ct. 2319 (2019), which holds that the "residual clause" of Section 924(c)(3) is void

---

[1] The petition was filed on September 4, 2018. (See Dkt. No. 1)

for vagueness. 139 S. Ct. at 2336. The Court also vacated the Second Circuit's decision in United States v. Barrett, 903 F.3d 166 (2d Cir. 2018). Id. at 2325 n.2. On remand in Barrett, the Second Circuit held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under the remaining clause of Section 924(c)(3) – the "elements clause." See United States v. Barrett, 937 F.3d 126, 129-30 (2d Cir. 2019).

In a June 24, 2020 order, Judge Parker informed the parties that she deemed the petition to be timely filed pursuant to Davis, and ordered the Government to submit supplemental briefing addressing Davis, the Second Circuit's decision in Barrett on remand, and the question of whether attempted Hobbs Act robbery constitutes a "crime of violence" under the elements clause of Section 924(c)(3). (June 24, 2020 Order (Dkt. No. 9))

The Government filed its supplemental brief on July 13, 2020. (Govt. Supp. Br. (Dkt. No. 12))

## II.     JUDGE PARKER'S R&R

In her July 21, 2020 R&R, Judge Parker notes that while three other circuits "have held that attempted Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3) . . . [,] half of the district courts within this Circuit to have addressed the issue have held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c)(3)(A)." (R&R (Dkt. No. 13) at 5-6) After considering the arguments on both sides, Judge Parker concluded that "because a person can be convicted of attempted Hobbs Act robbery without having used, threatened to use, or attempted to use force, it cannot be deemed a crime of violence for purposes of the elements clause of § 924(c)(3) . . . ." (Id. at 8)

## III.     THE GOVERNMENT'S OBJECTIONS TO THE R&R

The Government filed objections to the R&R on July 31, 2020.  The Government urges this Court to "wait for guidance from the Second Circuit before addressing whether attempted Hobbs Act Robbery is a 'crime of violence' under 18 U.S.C. § 924(c)."  (Govt. Obj. (Dkt. No. 14) at 1)  The Government also contends that "the Second Circuit has repeatedly recognized that an attempt to commit a crime of violence is itself a crime of violence," and that "every circuit court" and "every decision in this District has come to the same conclusion."  (Id. at 1-2)

## IV.     THE SECOND CIRCUIT'S DECISION IN *UNITED STATES V. MCCOY*

On April 22, 2021, the Second Circuit issued its decision in United States v. McCoy, 995 F.3d 32 (2d Cir. 2021), holding that attempted Hobbs Act robbery constitutes a "crime of violence" under the elements clause of Section 924(c)(3)(A).  See McCoy, 995 F.3d at 55-57.  The Second Circuit reasoned that,

> for substantive crimes of violence that include the use of physical force as an element, defendants also commit crimes of violence when commission of those crimes is attempted – because such attempts necessarily require (a) an intent to complete the substantive crime (including an intent to use physical force) and (b) a substantial step towards completing the crime (which logically means a substantial step towards completion of all of that crime's elements, including the use of physical force). . . . Because we held in [United States v.] Hill that Hobbs Act robbery categorically constitutes a crime of violence, see 890 F.3d [51, 53 (2d Cir. 2018), cert. denied, 139 S. Ct. 844 (2019)], it follows as a matter of logic that an "attempt[]" to commit Hobbs Act robbery – which the statute also expressly prohibits, see 18 U.S.C. § 1951(a) – categorically qualifies as a crime of violence.

Id. at 55.

In so ruling, the Second Circuit rejected the defendants' argument that attempted Hobbs Act robbery is not a crime of violence because "a substantial step towards a completed Hobbs Act robbery need not itself involve the 'use . . . of physical force' within the meaning of

4

§ 924(c)(3)(A)." According to the Circuit, "the substantive Hobbs Act robbery towards which that substantial step leads necessarily would involve the 'use of physical force,' if completed." Id. at 56. The court likewise rejected the defendants' argument that "substantive Hobbs Act robbery need not always involve the actual use of force," concluding that the defendants had not shown that there was "'a realistic probability, [rather than] a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence."[2] Id. at 56-57 (quoting Hill, 890 F.3d at 56).

## DISCUSSION

### I. REVIEW OF A MAGISTRATE JUDGE'S R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips). For portions of the R&R to

---

[2] The Second Circuit noted that "[i]t is difficult even to imagine a scenario in which a defendant could be engaged in conduct that would 'culminate' in a robbery and that would be 'strongly corroborative of' his intent to commit that robbery, but where it would also be clear that he only 'attempt[ed]' to 'threaten[],' and neither used nor even actually 'threatened' the use of force." Id. at 57 (citing United States v. Farhane, 634 F.3d 127, 147 (2d Cir. 2011); United States v. Davis, 8 F.3d 923, 927 (2d Cir. 1993)) (alterations in McCoy).

5

which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11–CV–188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition) (citation omitted)).

## II.     ANALYSIS

The Government's objections to the Magistrate Judge's R&R will be sustained. Given the Second Circuit's ruling in McCoy that attempted Hobbs Act robbery constitutes a "crime of violence" for purposes of Section 924(c)(3), Vasquez-Gomez's petition must be denied. See McCoy, 995 F.3d at 57.

## CONCLUSION

For the reasons stated above, the Government's objections to the R&R are sustained, and the Petition (Dkt. No. 1) is denied.[3] The Clerk of Court is directed to mail a copy of this Order to Petitioner and to close this case (18 Civ. 8118).

Dated: New York, New York  
      June 2, 2021                      SO ORDERED.

*Paul S. Gardephe*  
Paul G. Gardephe  
United States District Judge

---

[3] On May 3, 2021, Petitioner moved for appointment of counsel and for an expedited ruling on his petition. (Motion, Vasquez-Gomez, No. 10 Cr. 955 (Dkt. No. 130)) These motions are denied as moot.